# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 15, 2008

Charles R. Fulbruge III
Clerk

No. 07-10782
Conference Calendar

ACIE GILKEY, JR

                                        Plaintiff-Appellant

v.

EXECUTIVE DIRECTOR BRAD LIVINGSTON, Texas Department of Criminal Justice; CHAIR RISSIE OWENS, Texas Board of Pardon and Paroles; DIVISION DIRECTOR KIM VERNON, State Counsel for Offenders Texas Department of Criminal Justice; S C VIDAL OLIVAREZ, Dallas Police Department; BYRON FASSETT, Dallas Police Department; GOVERNOR RICK PERRY; ATTORNEY GENERAL GREG ABBOTT, Dallas County District Attorney's Office; CATREAS TURNER; LASHAUNDA KING

                                        Defendants-Appellees

ACIE GILKEY, JR

                                        Plaintiff-Appellant

v.

DALLAS COUNTY DISTRICT ATTORNEY'S OFFICE; GREGG ABBOTT, Attorney General of Texas; RICK PERRY, Governor of Texas; S C VIDAL OLIVAREZ; BYRON FASSETT; LASHAUNDA KING; CATREAS TURNER

                                        Defendants-Appellees

ACIE GILKEY, JR

                                        Plaintiff-Appellant

v.

S C VIDAL OLIVEREZ, Dallas Police Department; BYRON FASSETT, Dallas Police Department; GOVERNOR RICK PERRY; ATTORNEY GENERAL GREGG ABBOTT; DALLAS COUNTY DISTRICT ATTORNEY'S OFFICE; CATREAS TURNER; LASHAUNDA KING

Defendants-Appellees

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CV-1903
No. 3:06-CV-1904
No. 3:06-CV-1095

---

Before PRADO, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Acie Gilkey, Jr., Texas prisoner # 1219076, moves to proceed in forma pauperis (IFP) to appeal the dismissal of his consolidated 42 U.S.C. § 1983 suits as frivolous and, alternatively, for failure to state a claim. The district court denied Gilkey leave to proceed IFP on appeal, certifying that the appeal was not taken in good faith for the reasons set forth in the magistrate judge's report and recommendation. Gilkey has failed to adequately brief the issues raised in the district court's certification decision. He therefore has not shown that the district court's determination that his appeal would be frivolous was incorrect. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Consequently, his request for IFP is denied, and his appeal is dismissed as frivolous. See Baugh v. Taylor, 117 F.3d 197, 202 n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.

The district court's dismissal of Gilkey's consolidated complaints and this court's dismissal of his appeal count as two strikes under 28 U.S.C. § 1915(g).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). Gilkey accumulated two other strikes in Gilkey v. Graves, No. 3:03-CV-497 (N.D. Tex. Apr. 9, 2003), and Gilkey v. Dallas County District Attorney's Office, No. 3:03-CV-498 (N.D. Tex. Apr. 7, 2003). As Gilkey now has accumulated at least three strikes, he is barred from proceeding IFP pursuant to § 1915 in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

IFP DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.